JONES DAY
Tyrone R. Childress, Bar No. 136795
tchildress@jonesday.com
Amanda P. Ellison, Bar No. 294897
apellison@jonesday.com
Christine E. Cheung, Bar No. 335629
cecheung@jonesday.com
Quinten A. Levin, Bar No. 341041
qlevin@jonesday.com
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Jason B. Lissy, Esq.
(*Pro Hac Vice Forthcoming*)
jlissy@jonesday.com
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

*Attorneys for Plaintiff*
*University of Southern California*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSITY OF SOUTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>ACE AMERICAN INSURANCE COMPANY et al.,<br><br>Defendants. | **Case No. 2:23-cv-01921-ODW-SK**<br><br>**PLAINTIFF UNIVERSITY OF SOUTHERN CALIFORNIA'S OPPOSITION TO DEFENDANTS' NOTICE OF RELATED CASES**<br><br>Judge: Hon. Otis D. Wright II |

## I.     INTRODUCTION

Pursuant to Local Rule 83-1.3.3, Plaintiff University of Southern California ("USC") opposes Defendants Ace American Insurance Company, Federal Insurance Company, Pacific Employers Insurance Company, Pacific Indemnity Company and Westchester Fire Insurance Company's (collectively, "Chubb")

Notice of Related Cases.  Notably, Chubb affirmatively declared when it removed from state court that this case was **not** related to any others, and did not claim this case was related when it answered USC's complaint and filed its counterclaims. Rather, in a fairly plain judicial "shopping" effort, Chubb now some six weeks later seeks to transfer this case on the basis that it is allegedly related to the following cases in the Central District of California:

- *Arch Specialty Insurance Company v. University of Southern California*, Case No. 2:19-cv-06964-DDP (ASx) (filed Aug. 9, 2019).

- *Ironshore Specialty Insurance Company v. University of Southern California and George M. Tyndall*, Case No. 2:21-cv-01272-DDP (ASx) (filed Feb. 11, 2021).

- *Certain Underwriters at Lloyd's, London, Subscribing to Follow Form Excess Liability Policy No. PH1706285; and Certain Underwriters at Lloyd's, London, Subscribing to Follow Form Excess Liability Policy No. PH1706286 v. University of Southern California et al.*, Case No. 2:22-cv-03184-DDP (ASx) (filed May 10, 2022).

- *North American Capacity Insurance Corporation v. University of Southern California and George M. Tyndall.*, Case No. 2:23-cv-02975-DDP (ASx) (filed Apr. 20, 2023).

Chubb's untimely request should be denied because the cases involve different parties, transactions, claims, types of insurance policies (general liability versus medical malpractice coverage), and types of covered injuries.  Because they are different, they are not—and should not be treated as—related.  Chubb also fails to note that there is another Tyndall coverage case that has been pending in Orange County involving a different insurer but the same type of general liability coverage that Chubb issued.  Thus, these coverage issues are going to be litigated in different forums irrespective of whether this litigation is deemed related.  As such, Chubb's claim of purported judicial efficiencies is also inaccurate.

Plaintiff's Opposition to Defendants' Notice of Related Cases

1    Chubb is simply seeking to move this case to a different courtroom.  If

2  Chubb wished to challenge Judge Wright, it could have done so rather than using a

3  related case claim to attempt to achieve that objective.  While Chubb's related case

4  claim is clearly both untimely and flawed, USC is prepared to litigate these matters

5  in whichever courtroom and before whichever judge the Court decides is

6  appropriate.

7  **II.     ARGUMENT**

8       **A.     Legal Standard**

9    Local Rule 83-1.3.1 provides that two civil cases filed in the Central District

10  are related when they: "(a) arise from the same or a closely related transaction,

11  happening, or event; (b) call for determination of the same or substantially related

12  or similar questions of law and fact; or (c) for other reasons would entail substantial

13  duplication of labor if heard by different judges."  C.D. Cal. L.R. 83-1.3.1.  The

14  judge assigned to the earliest-filed case has discretion to decide whether the cases

15  are related and whether to accept the transfer.  C.D. Cal. General Order No. 23-05 §

16  II.I.2.  Courts deny transfer when one or more of the factors articulated in Local

17  Rule 83-1.3.1 are not met.  *See, e.g.*, *LA Terminals, Inc. v. United Nat'l Ins. Co.*,

18  No. 8:19-cv-00286, Dkt. 18 (C.D. Cal. March 28, 2019) (declining transfer

19  because: (1) "[t]he cases are not technically related"; and (2) "to relate the cases

20  now would give the appearance of judge shopping, even if that is not the

21  motivation").

22      **B.     This Case Involves Different Transactions and Events and Distinct
        Questions of Law and Fact**
23

24    This case and the four cases referenced by Chubb are not related under Local

25  Rule 83-1.3.1 because they arise out of different transactions and events and present

26  distinct questions of law and fact.

27    In *Arch Specialty Insurance Company*, *Ironshore Specialty Insurance*

28  *Company, Certain Underwriters at Lloyd's, London* and *North American Capacity*

Plaintiff's Opposition to Defendants' Notice of
Related Cases

1    *Insurance Corporation,* the insurers are seeking declaratory judgments that excess

2    healthcare professional liability policies did not cover underlying alleged abuse by

3    Dr. Tyndall, or in the alternative, rescission of those excess policies.  In those cases,

4    the insurers filed Notices of Related Cases relating all of the matters based on the

5    fact that all of the policies at issue are in the same 2017-2018 "tower" of medical

6    malpractice insurance and involve exactly the same policy language.  For example,

7    Ironshore's Notice of Related Cases indicated that the cases involved substantially

8    similar factual and legal issues because "the Ironshore and Arch Policies are excess

9    policies in the same 'tower' of liability insurance" and the "Ironshore Policy is the

10   'controlling underlying insurance' identified in the Arch Policy and is at issue in

11   both actions."  Likewise, the other insurers' Notices were based on the fact that the

12   same "underlying primary policy issued to the University of Southern California

13   ("USC") of which the Underwriters Policies at issue 'follow form,' with certain

14   exceptions."[1]

15        The same is not true of the current action.  Here, USC brought an action

16   against Chubb for declaratory judgment and breach of contract under

17   comprehensive general liability insurance policies, involving thirty (30) years and

18   multiple different relevant policy provisions under a completely separate type of

19   insurance than the healthcare professional liability actions referenced above.  As

20   Chubb's Notice indicates, the above actions relate to coverage under healthcare

21   professional liability insurance issued for the 2017-2018 policy period, while this

22   action involves general liability policies issued from 1988-2018.  The cases thus

23   arise out of completely different transactions (the issuing of general liability

24   policies from 1988-2018) and involve completely different issues of policy

25   interpretation (the applicable general liability policy provisions and exclusions).

26

27

28

---

[1] USC did **not** oppose the attempts of these excess healthcare professional liability carriers from the same tower to relate their matters.

Plaintiff's Opposition to Defendants' Notice of Related Cases

**C.     There Would Not Be Substantial Duplication of Labor if the Cases Are Not Related**

Even if the cases were tenably related, there would be no duplication of labor if they are allowed to proceed separately.  Because the cases present different parties, policy years, types of insurance, exclusions, events, claims, and relief sought, there would be no duplication of judicial resources if heard by different judges.  Relating the two cases would not reduce the number of motions to be heard, the number of witnesses or amount of evidence to be considered, or the legal and factual questions to be decided.  Any alleged benefit that would result from a potential reduction of labor and expenses is, at best, speculative.

Indeed, Chubb's Notice fails to note that there is already a pending action in Orange County involving coverage for the underlying Tyndall claims under the same type of insurance (general liability) and many of the same policy years as this litigation.  Thus, any claimed efficiency also fails as the general liability issues are going to be litigated separately irrespective of whether this case gets (incorrectly) related to the medical malpractice coverage litigation.

**D.     Chubb Previously Indicated that No Cases Were Related to this Action**

Chubb's prior failures to identify any cases related to this action demonstrate that Chubb's belated efforts to relate the case now is simply "judge shopping" and should be rejected.  Specifically, on March 15, 2023, when Chubb removed this action from state court, the Civil Cover Sheet expressly required Chubb to answer: "Is this case related (as defined below) to any civil or criminal case(s) previously filed in this court?"  In response, Chubb responded "NO."  At that time, the above-referenced health care liability coverage cases were pending in the Central District and had been pending for over two years.  Nor did Chubb file a Notice of Related Cases when it filed its answer and counterclaim on March 22, 2023.  Rather, six weeks after removing and only after substituted counsel learned this case was

Plaintiff's Opposition to Defendants' Notice of Related Cases

1   assigned to Judge Wright did Chubb claim this case should be related.

2        Local Rule 83-1.3.1 indicates that a Notice of Related Case shall be filed

3   "promptly" and should be "served on all parties… concurrently with service of the

4   complaint."  Chubb's six-week delay and complete reversal of positions on whether

5   there are related cases to this action appears to reflect the very type of judge

6   shopping that these Local Rules were drafted to prevent.

7   **III.    CONCLUSION**

8        For the foregoing reasons, Chubb's transfer request should be denied.

9   However, as noted above, USC is prepared to litigate this case in whichever

10  courtroom this Court finds appropriate.

11

12  Dated:     May 1, 2023          Respectfully submitted,

13                                          JONES DAY

14                                          By: */s/ Tyrone R. Childress*

15                                              Tyrone R. Childress, Bar No. 136795
                                            tchildress@jonesday.com

16                                              Amanda P. Ellison, Bar No. 294897

17                                              apellison@jonesday.com
                                            Christine E. Cheung, Bar No. 335629

18                                              cecheung@jonesday.com

19                                              Quinten A. Levin, Bar No. 341041
                                            qlevin@jonesday.com

20                                              555 South Flower Street, Fiftieth Floor

21                                              Los Angeles, CA 90071
                                            Telephone: (213) 489-3939

22                                              Facsimile: (213) 243-2539

23                                              Jason B. Lissy, Esq.
                                            (*Pro Hac Vice Forthcoming*)

24                                              jlissy@jonesday.com
                                            250 Vesey Street

25                                              New York, NY 10281-1047
                                            Telephone: (212) 326-3939

26                                              Facsimile: (212) 755-7306

27                                              *Attorneys for Plaintiff University of Southern California*

28

        Plaintiff's Opposition to Defendants' Notice of Related Cases