1  Chet A. Kronenberg (State Bar No. 222335)
   ckronenberg@stblaw.com
2  SIMPSON THACHER & BARTLETT LLP
   1999 Avenue of the Stars, 29th Floor
3  Los Angeles, California  90067
   Telephone:  (310) 407-7500
4  Facsimile:   (310) 407-7502

5  Bryce L. Friedman (*pro hac vice*)
   bfriedman@stblaw.com
6  SIMPSON THACHER & BARTLETT LLP
   425 Lexington Avenue
7  New York, New York  10017
   Telephone: (212) 455-2000
8  Facsimile:  (212) 455-2502

9  Joyce F. Noyes (*pro hac vice*)
   jnoyes@walkerwilcox.com
10 Christopher A. Wadley (*pro hac vice*)
   cwadley@walkerwilcox.com
11 Matthew W. Casey (*pro hac vice*)
   mcasey@walkerwilcox.com
12 Caitlin M. McAuliffe (*pro hac vice*)
   cmcauliffe@walkerwilcox.com
13 WALKER WILCOX MATOUSEK LLP
   One North Franklin Street, Suite 3200
14 Chicago, Illinois  60606
   Telephone: (312) 244-6700
15 Facsimile:  (312) 244-6800

16 *Attorneys for ACE American Insurance*
   *Company, Federal Insurance Company,*
17 *Pacific Employers Insurance Company,*
   *Pacific Indemnity Company, and*
18 *Westchester Fire Insurance Company*

19            **UNITED STATES DISTRICT COURT**

20          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 21  UNIVERSITY OF SOUTHERN CALIFORNIA, | Case No.: 2:23-cv-01921-DDP (ASx) |
| 22 | <u>**DISCOVERY MATTER**</u> |
| 23              Plaintiff, | **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO** |
| 24              v. | **COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO** |
| 25  ACE AMERICAN INSURANCE COMPANY, FEDERAL INSURANCE | **LOCAL RULE 37-2.3** |
| 26  COMPANY, PACIFIC EMPLOYERS INSURANCE COMPANY, PACIFIC | Date:  January 16, 2024 |
| 27  INDEMNITY COMPANY, WESTCHESTER FIRE INSURANCE | Time:  11:00 a.m. Place: Courtroom 540 |
| 28  COMPANY, | Judge: Hon. Alka Sagar |

1

2

3

Defendants.

Complaint Filed (LASC): 02/07/2023
Action Removed: 03/15/2023
Fact Discovery Cutoff: 07/01/2024
Pretrial Conference Date: 04/28/2025
Trial Date: 05/13/2025

4

5

6

7

ACE AMERICAN INSURANCE
COMPANY, FEDERAL INSURANCE
COMPANY, PACIFIC EMPLOYERS
INSURANCE COMPANY, PACIFIC
INDEMNITY COMPANY,
WESTCHESTER FIRE INSURANCE
COMPANY,

8

9

Counterclaimants,

v.

10

11

UNIVERSITY OF SOUTHERN
CALIFORNIA,

12

Counterdefendant.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This Supplemental Memorandum is submitted by Chubb pursuant to Local Rule 37-2.3 in support of Chubb's motion to compel.[1]

## I.   USC IMPROPERLY REFUSES TO PRODUCE PHOTOGRAPHS

USC refuses to produce photographs taken by Tyndall of the underlying claimants and the names of the individuals in the photographs, even though USC does not dispute that it may use the photographs and the names of the individuals in the photographs in support of its argument that the Non-Touching Tyndall Claims are somehow immune from the Medical Services Exclusions in the policies.  Chubb acknowledges the sensitivity and confidentiality of the photos, but it must be able to defend itself.

The Medical Services Exclusions generally state that the insurance does not apply to liability "arising out of," among other things, "[t]he providing or failing to provide . . . medical . . . treatment, [or] advi[c]e; or (ii) [a]ny health or therapeutic service, treatment, advice or instruction."  If the Court accepts USC's erroneous argument that the phrase "arising out of," any health service means "caused by" a health service, which it does not, then (i) USC intends to argue that certain photographs are inconsistent with medical treatment; and (ii) Chubb needs the photographs to defend against such argument.  USC's arguments, however, are without merit.

***First***, contrary to USC's argument, Chubb never requested that USC produce photographs or the identities of the individuals without any additional protective order in place.  Joint Stip. at 16.  At each step of the meet and confer process, and as early as June 29, 2023, Chubb made clear that it would be willing to enter an additional protective order governing the photographs beyond the protective order in this case, which already contains an "attorneys' eyes only" designation.  *See* Joint Stip. at 13-14.  Yet, USC's counsel repeatedly ignored this issue when: (i) on

---

[1] This Supplemental Memorandum uses the defined terms on Chubb's portion of the Joint Statement.

August 16, 2023, it said it would consider Chubb's request; (ii) it never responded to Chubb's August 22, 2023 request that USC propose protective order language governing the photographs; and (iii) it never responded to Chubb's October 5, 2023 follow-up email. *See id*. Despite USC's assertions that Chubb "filed this premature motion," Joint Stip. at 16-17, Chubb had no choice but to proceed with a motion to compel on this issue given USC's non-responsiveness. Approximately ***thirty minutes before the parties were to exchange Joint Stipulations***, USC finally provided Chubb a draft protective order that Chubb had requested over five months ago. By providing a draft protective order five months later, USC foreclosed any meet and confer about the draft protective order prior to the filing of this Motion, which Chubb remains willing to do. USC's eleventh-hour response runs afoul of the good faith efforts per Local Rule 37-1.

**Second**, if USC produced only the photographs without disclosing the identities of the individuals in the photographs as USC proposes (Joint Stip. at 16), Chubb would be unable to determine which underlying plaintiffs have photographs that USC might use for its claims. USC's argument, if accepted, would make any production useless, which is particularly unfair since USC does not dispute that it knows the identities and would use them as evidence in this case.

**Third**, USC's draft protective order, which it provided to Chubb thirty minutes before the parties exchanged their portions of the Joint Statement, is insufficient because it makes it almost impossible for Chubb to file the photographs in Court under seal or to use them during depositions and trial or the preparation thereof. For example, the draft protective order requires that the Court sign Exhibit A to the protective order before Chubb can file documents with the Court. In addition, the proposed protective order does not permit Chubb to show the data to fact witnesses in preparation for trial, including the victims themselves, which would undermine a cornerstone of pretrial discovery to avoid "trial by ambush." Finally, Chubb's counsel needs to be able share the photographs with their clients to

strategize about the case, but of course would be willing to agree that Chubb's counsel shall retain sole possession of the photographs.

*Finally*, the photographs are responsive to Request for Production No. 1, which seeks discovery requests and responses and all documents produced in the State Court and Federal Court Cases.  USC's contention that Chubb "has never served any request for production" seeking the photographs as well as the identities of such individuals, *see* Joint Stip. at 16, ignores that Chubb served document requests that encompass such information.  USC concedes that "Request for Production No. 15 in the underlying State Court Cases . . . covered 'all photographs of patients taken by Tyndall'—as Chubb seeks here."  Joint Stip. at 17 (acknowledging that Request for Production No. 15 in the underlying State Court Cases is "entirely consistent with Chubb's discovery request.").

## II. USC IMPROPERLY REFUSES TO PRODUCE DOCUMENTS CONCERNING THE HEALTHCARE PROFESSIONAL LIABILITY INSURANCE CASES AND UE ARBITRATION

Chubb moves to compel documents responsive to Request Nos. 1-5.  On December 1, 2023, *after* the parties exchanged their portions of the joint statement on November 27, 2023, USC served supplemental responses to some of the requests at issue (Request Nos. 1-3, 5).  Ellison Decl., Ex. C.  Chubb agrees that the parties' dispute with respect to Request No. 5 is now moot.  However, the parties continue to have a dispute with respect to Request Nos. 1-4.

As an initial matter, Chubb inadvertently did not include the text of Requests 2-5 and USC's original responses to those requests in the Joint Statement.  In addition, because USC supplemented its responses to Requests 1-3 and 5 *after* the parties exchanged the Joint Stipulation, the Joint Stipulation does not include USC's supplemental responses either.  Therefore, to make adjudication easier for the Court, Chubb attaches in the Appendix hereto Request Nos. 1-5, USC's original responses, and USC's supplemental responses where applicable.  The original requests and

3

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO LOCAL RULE 37-2.3

1   responses also can be found at Exhibit F to the Kronenberg Decl. and the

2   supplemental responses can be found at Exhibit C to the Ellison Decl.

3          In connection with the UE Arbitration, Chubb seeks all expert reports from

4   that case in response to Request No. 4.  The UE Arbitration is relevant because, in

5   that case, an arbitration panel ruled that the medical services exclusion barred

6   USC's insurance claim with respect to the same Underlying Tyndall Claims.

7   Kronenberg Decl., Ex. C.  Two Chubb Policies state that the "terms and conditions

8   of the controlling underlying insurance," *i.e.*, the UE Policies, are "made a part of

9   [the Chubb Policies,]" and, if the underlying UE Policies do "not cover [the] loss . . .

10  then [Chubb] will not cover such loss."  Kronenberg Decl., Ex. D.  With respect to

11  Request No. 4, USC states that it is withholding documents that it independently

12  deems are not "relevant to the policy periods at issue in this Action."  *See*

13  Kronenberg Decl., Ex. F at 15.  Because the UE Arbitration involves the same

14  Underlying Tyndall Claims and common defenses, USC should produce all expert

15  reports regardless of whether they relate to the same policy period.

16         In connection with the Healthcare Professional Liability Cases, USC

17  continues to refuse to produce (i) discovery requests and responses and all

18  documents produced by USC (Request No. 1); hearing transcripts (Request No. 2);

19  deposition transcripts (Request No. 3); and expert reports (Request No. 4).  The

20  Healthcare Professional Liability Cases are relevant because USC has taken the

21  position: (i) in this case that the Underlying Tyndall Claims do not arise out of

22  medical services; and (ii) in the Healthcare Professional Liability Cases that the

23  Underlying Tyndall Claims "arise from" the provision of healthcare services.

24  Kronenberg Decl., Ex. E (MSJ) at 9.  The crux of USC's argument resisting

25  production is that "Chubb cannot establish that any purported 'admission' has

26  judicial estoppel effect."  Joint Stip. at 25.  But the Court already denied USC's

27  motion to strike Chubb's judicial estoppel affirmative defense.  *See* Dkt. 57.  USC

28  must therefore produce all documents relevant to such defense.

4

### III.   USC IMPROPERLY REFUSES TO PRODUCE DOCUMENTS CONCERNING INSURANCE RECOVERIES OR SETTLEMENTS

USC refuses to produce any documents concerning its insurance recoveries and settlements responsive to Request Nos. 9 and 11.  USC claims that Chubb has the "initial burden of demonstrating relevance."  Joint Stip. at 30.  Chubb already demonstrated that such information is relevant to (i) ensure that USC does not obtain a double recovery; (ii) determine whether Chubb's excess policies have been triggered following an appropriate allocation methodology; and (iii) defend against USC's reliance on action taken by another insurer (AIG).

*First*, although USC states that it is not seeking double recovery, Chubb is entitled to discovery to make its own independent determination.  USC cites to a 1994 New Jersey state case, which neither addresses California law nor concerns the policies at issue here.  *See UMC/Stamford, Inc. v. Allianz Underwriters Ins. Co.*, 276 N.J. Super. 52, 68-69 (N.J. Super. Ct. Law Div. 1994).  Under California law, when a non-settling excess insurer requests information about other insurer settlements, it is an abuse of discretion for the court to defer disclosure.  *Home Ins. Co. v. Super. Ct.,* 46 Cal. App. 4th 1286, 1291 (2d Dist. 1996) (the "right to discover the amounts of settlements and to have those amounts allocated cannot be seriously disputed").

*Second*, although USC represents that certain underlying limits have been triggered, Chubb should not be required to take USC's word for it to determine whether Chubb's policies potentially apply.

*Finally*, USC concedes that it intends to argue that AIG's purported acknowledgment of potential coverage demonstrates the reasonableness of USC's policy interpretation with respect to the "Bodily Injury & Property Damage Exclusion" in one Chubb policy without a Medical Services Exclusion.  Joint Request at 32.  Chubb needs to see whether, in the AIG settlement agreement, acknowledgment of coverage was a condition of the settlement agreement.

In light of the above, there is nothing "premature" about Chubb's requests.

5

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO LOCAL RULE 37-2.3

1    Dated:  January 2, 2024

2                                        SIMPSON THACHER & BARTLETT LLP

3                                        By:*/s/ Chet A. Kronenberg*
                                            Chet A. Kronenberg
4                                           1999 Avenue of the Stars, 29th Floor
                                            Los Angeles, CA  90067
5                                           Telephone:  (310) 407-7500
                                            Facsimile:   (310) 407-7502
6                                           Email:  ckronenberg@stblaw.com

7                                           Bryce L. Friedman (*pro hac vice*)
                                            bfriedman@stblaw.com
8                                           SIMPSON THACHER & BARTLETT LLP
                                            425 Lexington Avenue
9                                           New York, New York 10017
                                            Telephone: (212) 455-2000
10                                          Facsimile: (212) 455-2502

11                                          Joyce F. Noyes (*pro hac vice*)
                                            jnoyes@walkerwilcox.com
12                                          Christopher A. Wadley (*pro hac vice*)
                                            cwadley@walkerwilcox.com
13                                          WALKER WILCOX MATOUSEK LLP
                                            One North Franklin St., Suite 3200
14                                          Chicago, Illinois 60606
                                            Telephone: (312) 244-6700
15                                          Facsimile: (312) 244-6800

16                                          *Attorneys for Defendant and
                                            Counterclaimant ACE American Insurance
17                                          Company, Federal Insurance Company,
                                            Pacific Employers Insurance Company,
18                                          Pacific Indemnity Company, and
                                            Westchester Fire Insurance Company*

19

20

21

22

23

24

25

26

27

28

**APPENDIX**

| REQUESTS TO USC | | | |
|---|---|---|---|
| No. | Request | USC's Original Response | USC's Supplemental Response |
| 1 | All discovery requests and responses and all documents produced by you in the State Court Cases, the Federal Court Cases, the Healthcare Professional Liability Insurance Cases and the UE Arbitration. | USC incorporates into this response its Preliminary Statements and General Objections set forth above as if fully set forth herein. USC objects to the Request on the ground that, as used in the Request, the phrase "[a]ll discovery requests and responses and all documents produced by you" is vague and ambiguous, overbroad, confusing, uncertain, and subject to multiple interpretations. USC further objects to this Request on the ground that it is overbroad, lacks particularity and is not reasonably limited in time and scope. USC objects to this Request on the ground that it contains compound, conjunctive, or disjunctive requests. USC objects to the Request on the ground that it seeks information that is not relevant to the subject matter of this Action nor reasonably calculated to lead to the discovery of admissible evidence. USC further objects to the Request to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable statutory or common law privilege. USC objects to the Request to the | Subject to and without waiving the foregoing objections, USC further responds as follows: With respect to Defendants' request for production of "[a]ll discovery requests and responses and all documents produced by you" in the UE Arbitration, subject to the Protective Order entered in this Action and Defendants' execution of the protective order entered in the UE Arbitration, USC will produce responsive, non-privileged documents in USC's custody that can be located with a reasonably diligent search and to the extent not previously produced and/or otherwise made available to Defendants. Pursuant to Defendants' request, USC herein confirms that it is not withholding any documents responsive to this Request with respect to the UE Arbitration. |

| | | extent that it seeks confidential, private, proprietary and/or trade secret information about USC and/or third parties, the disclosure or dissemination of which could cause USC and/or third parties harm or prejudice. USC also objects to the Request to the extent that it seeks information or documents that USC is prohibited from disclosing by law, contract, agreement, rule, regulation, or administrative order. USC objects to the Request to the extent that it seeks information or documents that, if disclosed, would violate the constitutional, statutory, and/or common law rights to privacy and confidentiality of third parties, including USC's current or former employees and/or students. USC objects to the Request on the ground that it seeks to obtain information that is already in Defendants' or its counsels' possession, or as readily available to Defendant and its counsel as to USC (through party document productions, prior correspondence, and/or other sources).<br><br>     Subject to and without waiving the foregoing objections, USC responds as follows:<br>     With respect to Defendants' requests for production of "[a]ll discovery requests and responses and all documents produced by you" | USC's investigation and the Parties' discovery are ongoing, and USC reserves its right to amend or supplement this response. |

2

in the State Court Cases and the Federal Court Cases, subject to the Protective Order entered in this Action, the protective orders entered in the State Court Cases and the Federal Court Cases, and Defendants' execution of the Photographs Protective Order entered in the State Court Cases and the Federal Court Cases (including execution by Defendants' attorneys and all persons who will be permitted to view the photographs), USC will produce all responsive, non-privileged documents in USC's custody that can be located with a reasonably diligent search and to the extent not previously produced and/or otherwise made available to Defendants.

With respect to Defendants' request for production of "[a]ll discovery requests and responses and all documents produced by you" in the Healthcare Professional Liability Insurance Cases, USC objects and refuses to produce documents on the ground that such request is overbroad and seeks information that is not relevant to the subject matter of this Action nor reasonably calculated to lead to the discovery of admissible evidence. USC is willing to meet and confer with Defendants to determine if the scope of the request can be reasonably narrowed.

| | | With respect to Defendants' request for production of "[a]ll discovery requests and responses and all documents produced by you" in the UE Arbitration, subject to the Protective Order entered in this Action and Defendants' execution of the protective order entered in the UE Arbitration, USC will produce responsive, non-privileged documents relevant to the policy periods at issue in this Action in USC's custody that can be located with a reasonably diligent search and to the extent not previously produced and/or otherwise made available to Defendants. | |
| 2 | Transcripts of all hearings in the State Court Cases, the Federal Court Cases, the Healthcare Professional Liability Insurance Cases, the UE Arbitration and the UE Court Proceedings. | USC incorporates into this response its Preliminary Statements and General Objections set forth above as if fully set forth herein. USC objects to the Request on the ground that, as used in the Request, the phrase "[t]ranscripts of all hearings" is vague and ambiguous, overbroad, confusing, uncertain, and subject to multiple interpretations. USC further objects to this Request on the ground that it is overbroad, lacks particularity and is not reasonably limited in time and scope. USC objects to this Request on the ground that it contains compound, conjunctive, or disjunctive requests. USC objects to the Request on the | Subject to and without waiving the foregoing objections, USC further responds as follows: With respect to Defendants' requests for production of "[t]ranscripts of all hearings" in the UE Arbitration and the UE Court Proceedings, subject to the Protective Order entered in this Action and Defendants' execution of the protective order entered in the UE Arbitration, USC will produce all responsive, non-privileged documents in USC's custody that can |

4

| | | ground that it seeks information that is not relevant to the subject matter of this Action nor reasonably calculated to lead to the discovery of admissible evidence. | be located with a reasonably diligent search and to the extent not previously produced and/or otherwise made available to Defendants. Pursuant to Defendants' request, USC herein confirms that it is not withholding any documents responsive to this Request with respect to the UE Arbitration and the UE Court Proceedings. |
| | | USC also objects to the Request to the extent that it seeks information or documents that USC is prohibited from disclosing by law, contract, agreement, rule, regulation, or administrative order. USC objects to the Request to the extent that it seeks information or documents that, if disclosed, would violate the constitutional, statutory, and/or common law rights to privacy and confidentiality of third parties, including USC's current or former employees and/or students. USC objects to the Request to the extent that it seeks information not in the custody, control, possession, or knowledge of USC. USC objects to the Request on the ground that it seeks to obtain information that is already in Defendants' or its counsels' possession, or as readily available to Defendant and its counsel as to USC (through party document productions, prior correspondence, and/or other sources). | USC's investigation and the Parties' discovery are ongoing, and USC reserves its right to amend or supplement this response. |
| | | Subject to and without waiving the foregoing objections, USC responds as follows: | |
| | | With respect to Defendants' requests for | |

5

| | | production of "[t]ranscripts of all hearings" in the State Court Cases and the Federal Court Cases, subject to the Protective Order entered in this Action and the protective orders entered in the State Court Cases and the Federal Court Cases, USC will produce all responsive, non-privileged documents in USC's custody that can be located with a reasonably diligent search and to the extent not previously produced and/or otherwise made available to Defendants.<br><br>With respect to Defendants' requests for production of "[t]ranscripts of all hearings" in the Healthcare Professional Liability Insurance Cases, the UE Arbitration and the UE Court Proceedings, USC objects and refuses to produce documents on the ground that such requests seek information that is not relevant to the subject matter of this Action nor reasonably calculated to lead to the discovery of admissible evidence. | |
| 3 | Transcripts of all depositions, including exhibits, in the State Court Cases, the Federal Court Cases, the Healthcare | USC incorporates into this response its Preliminary Statements and General Objections set forth above as if fully set forth herein.<br><br>USC objects to this Request on the ground that it is overbroad, lacks particularity and is not reasonably limited in time and scope. USC objects to this Request on the ground that it | Subject to and without waiving the foregoing objections, USC further responds as follows: With respect to Defendants' request for production of "[t]ranscripts of all depositions, including exhibits" in the UE Arbitration, subject to |

| | | |
|---|---|---|
| Professional Liability Insurance Cases and the UE Arbitration. | contains compound, conjunctive, or disjunctive requests. USC objects to the Request on the ground that it seeks information that is not relevant to the subject matter of this Action nor reasonably calculated to lead to the discovery of admissible evidence.<br><br>USC objects to the Request to the extent that it seeks confidential, private, proprietary and/or trade secret information about USC and/or third parties, the disclosure or dissemination of which could cause USC and/or third parties harm or prejudice. USC also objects to the Request to the extent that it seeks information or documents that USC is prohibited from disclosing by law, contract, agreement, rule, regulation, or administrative order. USC objects to the Request to the extent that it seeks information or documents that, if disclosed, would violate the constitutional, statutory, and/or common law rights to privacy and confidentiality of third parties, including USC's current or former employees and/or students. USC objects to the Request on the ground that it seeks to obtain information that is already in Defendants' or its counsels' possession, or as readily available to Defendant and its counsel as to USC (through party document productions, prior | the Protective Order entered in this Action and Defendants' execution of the protective order entered in the UE Arbitration, USC will produce all responsive, non-privileged documents in USC's custody that can be located with a reasonably diligent search and to the extent not previously produced and/or otherwise made available to Defendants. Pursuant to Defendants' request, USC herein confirms that it is not withholding any documents responsive to this Request with respect to the UE Arbitration.<br><br>USC's investigation and the Parties' discovery are ongoing, and USC reserves its right to amend or supplement this response. |

| | | correspondence, and/or other sources). | |
| --- | --- | --- | --- |
| | | Subject to and without waiving the foregoing objections, USC responds as follows: | |
| | | With respect to Defendants' requests for production of "[t]ranscripts of all depositions, including exhibits" in the State Court Cases and the Federal Court Cases, subject to the Protective Order entered in this Action and the protective orders entered in the State Court Cases and the Federal Court Cases, USC will produce all responsive, non-privileged documents in USC's custody that can be located with a reasonably diligent search and to the extent not previously produced and/or otherwise made available to Defendants. | |
| | | With respect to Defendants' request for production of "[t]ranscripts of all depositions, including exhibits" in the Healthcare Professional Liability Insurance Cases, USC objects and refuses to produce documents on the ground that such request is overbroad and seeks information that is not relevant to the subject matter of this Action nor reasonably calculated to lead to the discovery of admissible evidence. USC is willing to meet and confer with Defendants to determine if the scope of the | |

8

| | | | |
|---|---|---|---|
| | | request can be reasonably narrowed.<br><br>With respect to Defendants' request for production of "[t]ranscripts of all depositions, including exhibits" in the UE Arbitration, subject to the Protective Order entered in this Action and Defendants' execution of the protective order entered in the UE Arbitration, USC will produce all responsive, non-privileged documents relevant to the policy periods at issue in this Action in USC's custody that can be located with a reasonably diligent search and to the extent not previously produced and/or otherwise made available to Defendants. | |
| 4 | All expert reports in the State Court Cases, the Federal Court Cases, the Healthcare Professional Liability Insurance Cases, and the UE Arbitration. | USC incorporates into this response its Preliminary Statements and General Objections set forth above as if fully set forth herein.<br><br>USC objects to the Request on the ground that, as used in the Request, the phrase "[a]ll expert reports" is vague and ambiguous, overbroad, confusing, uncertain, and subject to multiple interpretations. USC further objects to this Request on the ground that it is overbroad, lacks particularity and is not reasonably limited in time and scope. USC objects to this Request on the ground that it contains compound, conjunctive, or disjunctive requests. USC objects to the Request on the ground that | *N/A* |

it seeks information that is not relevant to the subject matter of this Action nor reasonably calculated to lead to the discovery of admissible evidence.

USC further objects to the Request to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable statutory or common law privilege. USC objects to the Request to the extent that it seeks confidential, private, proprietary and/or trade secret information about USC and/or third parties, the disclosure or dissemination of which could cause USC and/or third parties harm or prejudice. USC also objects to the Request to the extent that it seeks information or documents that USC is prohibited from disclosing by law, contract, agreement, rule, regulation, or administrative order. USC objects to the Request to the extent that it seeks information or documents that, if disclosed, would violate the constitutional, statutory, and/or common law rights to privacy and confidentiality of third parties, including USC's current or former employees and/or students. USC objects to the Request on the ground that it seeks information not in the custody, control, possession, or knowledge of USC. USC objects to the Request on the ground that

it seeks to obtain information that is already in Defendants' or its counsels' possession, or as readily available to Defendant and its counsel as to USC (through party document productions, prior correspondence, and/or other sources).

Subject to and without waiving the foregoing objections, USC responds as follows:

With respect to Defendants' requests for production of "[a]ll expert reports" in the State Court Cases and the Federal Court Cases, subject to the Protective Order entered in this Action and the protective orders entered in the State Court Cases and the Federal Court Cases, USC will produce all responsive, non-privileged documents in USC's custody that can be located with a reasonably diligent search and to the extent not previously produced and/or otherwise made available to Defendants.

With respect to Defendants' request for production of "[a]ll expert reports" in the Healthcare Professional Liability Insurance Cases, USC objects and refuses to produce documents on the ground that such request is overbroad and seeks information that is not relevant to the subject matter of this Action nor reasonably calculated to lead to

| | | | |
|---|---|---|---|
| | | the discovery of admissible evidence. USC is willing to meet and confer with Defendants to determine if the scope of the request can be reasonably narrowed. | |
| | | With respect to Defendants' request for production of "[a]ll expert reports" in the UE Arbitration, subject to the Protective Order entered in this Action and Defendants' execution of the protective order entered in the UE Arbitration, USC will produce all responsive, non-privileged documents relevant to the policy periods at issue in this Action in USC's custody that can be located with a reasonably diligent search and to the extent not previously produced and/or otherwise made available to Defendants. | |
| 5 | All filings, including pleadings and briefs, in the UE Arbitration. | USC incorporates into this response its Preliminary Statements and General Objections set forth above as if fully set forth herein.<br><br>USC objects to the Request on the ground that, as used in the Request, the phrase "[a]ll filings, including pleadings and briefs," is vague and ambiguous, overbroad, confusing, uncertain, and subject to multiple interpretations. USC further objects to this Request on the ground that it is overbroad, lacks particularity and is not reasonably limited in time and scope. USC | Subject to and without waiving the foregoing objections, USC further responds as follows: Subject to the Protective Order entered in this Action and Defendants' execution of the protective order entered in the UE Arbitration, USC will produce all responsive, non-privileged documents in USC's custody that can be located with a reasonably diligent |

| | | objects to the Request on the ground that it seeks information that is not relevant to the subject matter of this Action nor reasonably calculated to lead to the discovery of admissible evidence. | search and to the extent not previously produced and/or otherwise made available to Defendants. Pursuant to Defendants' request, USC herein confirms that it is not withholding any documents responsive to this Request. |
| | | USC objects to the Request to the extent that it seeks confidential, private, proprietary and/or trade secret information about USC and/or third parties, the disclosure or dissemination of which could cause USC and/or third parties harm or prejudice. USC also objects to the Request to the extent that it seeks information or documents that USC is prohibited from disclosing by law, contract, agreement, rule, regulation, or administrative order. USC objects to the Request to the extent that it seeks information or documents that, if disclosed, would violate the constitutional, statutory, and/or common law rights to privacy and confidentiality of third parties, including USC's current or former employees and/or students. | |
| | | Subject to and without waiving the foregoing objections, USC responds as follows: | |
| | | USC objects and refuses to produce documents on the ground that the Request seeks information that is not relevant to the subject matter of this Action | |

13

| | | nor reasonably calculated to lead to the discovery of admissible evidence. | |
|---|---|---|---|

14