| | |
|---|---|
| 1 | Chet A. Kronenberg (State Bar No. 222335) |
| 2 | ckronenberg@stblaw.com<br>SIMPSON THACHER & BARTLETT LLP |
| 3 | 1999 Avenue of the Stars, 29th Floor<br>Los Angeles, California  90067 |
| 4 | Telephone:   (310) 407-7500<br>Facsimile:    (310) 407-7502 |
| 5 | Bryce L. Friedman (*pro hac vice*) |
| 6 | bfriedman@stblaw.com<br>SIMPSON THACHER & BARTLETT LLP |
| 7 | 425 Lexington Avenue<br>New York, New York  10017 |
| 8 | Telephone: (212) 455-2000<br>Facsimile:  (212) 455-2502 |
| 9 | Joyce F. Noyes (*pro hac vice*) |
| 10 | jnoyes@walkerwilcox.com<br>Christopher A. Wadley (*pro hac vice*) |
| 11 | cwadley@walkerwilcox.com<br>Matthew W. Casey (*pro hac vice*) |
| 12 | mcasey@walkerwilcox.com<br>Caitlin M. McAuliffe (*pro hac vice*) |
| 13 | cmcauliffe@walkerwilcox.com<br>WALKER WILCOX MATOUSEK LLP |
| 14 | One North Franklin Street, Suite 3200<br>Chicago, Illinois  60606 |
| 15 | Telephone: (312) 244-6700<br>Facsimile:  (312) 244-6800 |
| 16 | *Attorneys for ACE American Insurance* |
| 17 | *Company, Federal Insurance Company,*<br>*Pacific Employers Insurance Company,* |
| 18 | *Pacific Indemnity Company, and*<br>*Westchester Fire Insurance Company* |

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 21 | UNIVERSITY OF SOUTHERN CALIFORNIA, | Case No.: 2:23-cv-01921-DDP (ASx) |
| 22 | | **DISCOVERY MATTER** |
| 23 | Plaintiff, | **SUPPLEMENTAL MEMORANDUM IN OPPOSITION** |
| 24 | v. | **TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF** |
| 25 | ACE AMERICAN INSURANCE COMPANY, FEDERAL INSURANCE | **DOCUMENTS PURSUANT TO LOCAL RULE 37-2.3** |
| 26 | COMPANY, PACIFIC EMPLOYERS INSURANCE COMPANY, PACIFIC | Date:  January 16, 2024 |
| 27 | INDEMNITY COMPANY, WESTCHESTER FIRE INSURANCE | Time: 10:00 a.m.<br>Place: Courtroom 540 |
| 28 | COMPANY, | Judge: Hon. Alka Sagar |

Supplemental Memorandum in Opposition to Plaintiff's Motion to Compel Production
of Documents Pursuant to Local Rule 37-2.3

| | | |
|---|---|---|
| 1 | Defendants. | Complaint Filed (LASC): 02/07/2023<br>Action Removed: 03/15/2023<br>Fact Discovery Cutoff: 07/01/2024<br>Pretrial Conference Date: 04/28/2025<br>Trial Date: 05/13/2025 |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | ACE AMERICAN INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, PACIFIC EMPLOYERS INSURANCE COMPANY, PACIFIC INDEMNITY COMPANY, WESTCHESTER FIRE INSURANCE COMPANY, | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | Counterclaimants, | |
| 10 | v. | |
| 11 | UNIVERSITY OF SOUTHERN CALIFORNIA, | |
| 12 | | |
| 13 | Counterdefendant. | |

SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO LOCAL RULE 37-2.3

# INTRODUCTION[1]

This case concerns USC's claim for insurance coverage from Chubb in connection with claims asserted against USC by hundreds of female-student-patients alleging that Tyndall engaged in sexual abuse and mistreated them during the course of and in connection with rendering gynecological and other medical services at USC's student health center. Almost all of the policies at issue in this case contain a Medical Services Exclusion. The Medical Services Exclusions generally state that the insurance does not apply to liability "arising out of," among other things, "[t]he providing or failing to provide . . . medical . . . treatment, [or] advi[c]e; or (ii) [a]ny health or therapeutic service, treatment, advice or instruction." In a case involving another one of USC's insurers, an arbitration panel granted the insurer's motion for summary judgment, holding that the medical services exclusion barred USC's insurance claim with respect to the same Underlying Tyndall Claims.

USC's motion to compel should be denied on relevance, burden, and overbreadth grounds. As numerous courts have held, including the cases cited by USC, the document requests at issue are potentially relevant only in cases where an insured has asserted a bad faith claim against its insurer. USC did not assert a bad faith claim against Chubb in its First Amended Complaint and cannot amend its pleading to add a bad faith claim because the last day to amend pleadings was September 15, 2023. In addition, the requests at issue are extremely overbroad and burdensome, seeking a massive amount of information over a 35-year time period as Chubb's burden declaration articulates. Finally, as the declarations from Chubb and Walker Wilcox show, USC has no grounds to pierce Chubb's privileges.

---

[1] This Supplemental Memorandum uses the defined terms in Chubb's portion of the Joint Stipulation.

# ARGUMENT

## I. USC's Motion To Compel Production Of Various Categories Of Documents Is Without Merit

Chubb provides below a short summary of its arguments and where in its portion of the Joint Statement this Court can find the case law Chubb relies upon.

**Request No. 5 (Reserves):** Whether Chubb set reserves for USC's claim, and the amount of such reserves, has no relevance to whether, for example, the Medical Services Exclusion bars coverage. Courts finding reserve information relevant have done so in the context of bad faith claims, including the cases cited by USC. *See* Joint Stipulation at 9-11. Where, as here, an insured has not asserted a bad faith claim against an insurer, courts have held that reserve information is not discoverable. *Id.* at 9-10.

**Request No. 6 (Reinsurance):** Whether Chubb has reinsurance for USC's claim has no relevance to whether USC's claims are covered. The cases where courts have ordered insurers to produce reinsurance communications, including cases cited by USC, largely are bad faith cases. *Id.* at 15-16. Again, USC did not assert a bad faith claim against Chubb. USC's request also is overbroad because USC demands all communications concerning reinsurance relating to USC's claim.

**Request No. 7 (Insurance/Reinsurance):** This request is duplicative of Request No. 6, as it relates to reinsurance. With respect to communications with USC's other insurers, such information is irrelevant because the policy language is what it is. The request also is overbroad because it seeks all communications. Finally, USC logged as privileged responsive documents in its claims file. Whether such communications are privileged is separately addressed below.

**Request Nos. 8 (Other Policyholder Claims Since 1988):** Courts have held that documents relating to "other policyholder claims" are potentially relevant to establish bad faith. *Id.* at 24-25. But USC did not assert a bad faith claim against Chubb. The legal determination with respect to USC's coverage claims is simply

whether the Underlying Tyndall Claims are covered under the insurance policies at issue in this case.  Documents relating to claims of other policyholders are not relevant to this inquiry.  Moreover, this request, on its face, is overbroad.  It covers any claim involving sexual abuse and/or molestation under any GL policy issued by Chubb over the last 35 years.  Joint Stipulation at 26 (citing cases); Cousins Decl. ¶¶ 6-10.  Finally, there are confidentiality issues associated with producing third-party information.  Joint Stipulation, at 26-27; Cousins Decl. ¶ 9.

**Request No. 9 (Payments Under GL Policies and Healthcare Professional Liability Insurance/Medical Malpractice Liability Insurance Since 1988):**  This request should be denied for the same reasons Request No. 8 is improper.  In addition, Chubb has no way of knowing, over a 35-year period, which of its insureds received monies from Chubb under a GL policy while at the same time recovering monies from other insurers under a healthcare professional liability insurance policy or medical malpractice liability insurance policy.  Joint Stipulation at 29-30; Cousins Decl. ¶ 12.

**Request No. 12 (Advertising And Marketing Materials):**  Courts have held that advertising and marketing materials are relevant only in cases where a policyholder alleges fraudulent misrepresentation or inducement.  Joint Stipulation at 32-34.  USC makes no such claims in this case.  The request also is overbroad because it seeks advertising and marketing material over a thirty-year time period.  Joint Stipulation at 34; Cousins Decl. ¶ 14.

**Request Nos. 13, 14 & 16 (Drafting History):**  Under Ninth Circuit authority, drafting history is irrelevant in the absence of evidence, as here, that the insured relied on such history when it entered into the insurance contract.  Joint Stipulation at 36 (citing *Smith v. Hughes Aircraft Co.*, 22 F.3d 1432, 1437 (9th Cir. 1993)).  This request also is overbroad because USC seeks drafting history over a 25-year period.  Joint Stipulation at 37; Cousins Decl. ¶ 18.

Supplemental Memorandum in Opposition to Plaintiff's Motion to Compel Production of Documents Pursuant to Local Rule 37-2.3

**Request No. 15 (Application, Scope & Interpretation Of Various Policy Language):** This request is an amalgamation of USC's requests with respect to other policyholders, advertising and marketing materials, and drafting history and should be denied for the same reasons. The request also is overbroad. As drafted, this request would require Chubb to produce documents concerning claims submitted by "other policyholders" in a massive number of cases. Joint Statement at 40; Cousins Decl. ¶ 20.

**Request No. 17 (Sworn Statements Concerning Common Policy Exclusions And Endorsements):** This request is overbroad because it is not limited by time period, type of policy, type of case, legal or factual issue, the Chubb employees involved in this case, or jurisdiction. Joint Statement at 43; Cousins Decl. ¶¶ 22-23. In addition, USC does not cite a single case requiring an insurance company to produce all sworn statements from the beginning of time concerning common exclusions and endorsements. Finally, because there is no bad faith claim in this case, the request does not even arguably seek relevant information.

**Request No. 18 (Organizational Structure):** The request is overbroad because it does not just ask for organizational charts. It also asks for "all documents . . . describing the organizational structure of each Defendant, from 2018 to present." There is no easy way to gather this information. Joint Statement at 45; Cousins Decl. ¶ 26.

**II.    USC's Motion to Compel Production Of Communications Between USC And Its Outside Counsel Is Without Merit**

The communications between Chubb and Walker Wilcox (*i.e.*, Chubb's coverage counsel and outside counsel in this action) are privileged. USC's "claim adjuster" theory is contradicted by the declarations of Court Cousins and Joyce Noyes. They make clear that Walker Wilcox (i) was not acting in the role of claims adjuster; (ii) had and has no authority to make decisions regarding Chubb's coverage positions; (iii) has no authority to agree to or make payments to USC or

4

any other policyholder on behalf of Chubb; and (iv) has no authority to make any representations on behalf of Chubb to USC or any other policyholders as to any matter whatsoever.  Joint Stipulation at 53-58; Noyes Decl. ¶¶ 5-10; Cousins Decl. ¶¶ 3-4.  Under the case law, these declarations defeat USC's motion.  *See Vepo Design Corp. v. Am. Econ. Ins. Co.*, 2022 U.S. Dist. LEXIS 118950, at *4 (C.D. Cal. Mar. 24, 2022) (rejecting argument that the attorney-client privilege did not apply to insurer's communications with its outside counsel); *Kumar v. Nationwide Mut. Ins. Co.*, 2023 U.S. Dist. LEXIS 89999, at **9-18 (N.D. Cal. May 23, 2023) (rejecting argument that the attorney-client privilege did not apply to insurer's communications with its outside counsel).

### III.  USC's Motion To Compel Production Of Communications Between Counsel For Chubb And Counsel For Other USC Insurers Is Without Merit

California recognizes the common interest doctrine.  *Meza v. H. Muehlstein & Co., Inc.*, 176 Cal. App. 4th 969, 973 (2d Dist. 2009).  The common interest doctrine applies to privileged communications between counsel for Chubb and USC's other insurers because: (i) Chubb and USC's other liability carriers have reserved rights to or did deny coverage under the Medical Services Exclusion in the policies and for other common reasons; (ii) most of the Chubb policies at issue in this litigation follow form to and incorporate the same medical services exclusions as the underlying general liability policies; and (iii) USC itself recognized by its actions that the general liability carriers share common interests regarding coverage for the Underlying Tyndall Claims, as evidenced by USC frequently and regularly communicating with Chubb and USC's other general liability carriers in group emails and conducting group calls with counsel for all of the general liability insurers participating in the same calls.  Joint Stipulation at 60; Noyes Decl. ¶¶ 11-12 & Exs. B & C.

5
SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION
OF DOCUMENTS PURSUANT TO LOCAL RULE 37-2.3

Dated: January 2, 2024

SIMPSON THACHER & BARTLETT LLP

By: */s/ Chet A. Kronenberg*
Chet A. Kronenberg
1999 Avenue of the Stars, 29th Floor
Los Angeles, CA 90067
Telephone: (310) 407-7500
Facsimile: (310) 407-7502
Email: ckronenberg@stblaw.com

Bryce L. Friedman (*pro hac vice*)
bfriedman@stblaw.com
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

Joyce F. Noyes (*pro hac vice*)
jnoyes@walkerwilcox.com
Christopher A. Wadley (*pro hac vice*)
cwadley@walkerwilcox.com
WALKER WILCOX MATOUSEK LLP
One North Franklin St., Suite 3200
Chicago, Illinois 60606
Telephone: (312) 244-6700
Facsimile: (312) 244-6800

*Attorneys for Defendant and Counterclaimant ACE American Insurance Company, Federal Insurance Company, Pacific Employers Insurance Company, Pacific Indemnity Company, and Westchester Fire Insurance Company*