UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 23-01921-DDP (ASx) | Date | January 31, 2024 |
|---|---|---|---|
| Title | *University of Southern California v. ACE American Insurance Company et al.* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | CS 01/16/24 |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorney Present for Defendants: |
| Amanda Pade Ellison | | Chet A. Kronenberg |
| Quentin Levin | | Joyce E. Noyes |

**Proceedings (In Chambers):**     **ORDER GRANTING IN PART PLAINITFF'S MOTION TO COMPEL DOCUMENT PRODUCTION (DKT. NO. 58) AND DEFENDANTS' MOTION TO COMPEL DOCUMENT PRODUCTION (DKT. NO. 59)**

On December 8, 2023, the parties filed two joint stipulations regarding (1) Plaintiff's motion to compel Defendants to produce documents ("Plaintiff's Motion") (Dkt. No. 58), and (2) Defendants' motion to compel Plaintiff to produce documents ("Defendants' motion") (Dkt. No. 59). On January 2, 2024, Plaintiff filed a supplemental brief in support of its motion (Dkt. No. 62), and Defendants filed a supplemental memorandum in opposition to Plaintiff's motion. (Dkt. No. 64). Also on January 2, 2024, Defendants filed a supplemental brief in support of its motion (Dkt. No. 63), and Plaintiff filed a supplemental memorandum in opposition to Defendants' motion. (Dkt. No. 61). A hearing was held on January 16, 2024. The Court has reviewed the parties' submissions and considered the arguments presented at the hearing. For the reasons stated at the hearing and below, the Court GRANTS IN PART both Plaintiff and Defendants' motions.

### Background

On March 2, 2023, Plaintiff University of Southern California ("USC") filed a complaint alleging breach of insurance contract, or alternatively, for declaratory judgment, against Defendants ACE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 23-01921-DDP (AS) | Date | January 31, 2024 |
|---|---|---|---|
| Title | *University of Southern California v. ACE American Insurance Company et al.* | | |

American Insurance Company, et al. (Dkt. No.1-2).  USC purchased liability insurance policies from Defendants from 1988 through 2018 and alleges that Defendants improperly refused to defend and indemnify USC for hundreds of millions of dollars in losses incurred in connection with numerous lawsuits filed against USC regarding the alleged misconduct of Dr. George Tyndall, a former student health center gynecologist employed by USC ("the Tyndall claims"). (Dkt. 58 at 5, 8).  Plaintiff's coverage action involves 27 excess insurance policies issued by Defendants ("the Chubb Policies"), including 26 general liability policies and an Employment Practices Liability, ("EPL"), policy. Defendants contend that 24 of the 26 general liability policies and the Directors and Officers coverage part of the EPL policy exclude coverage for the Tyndall Claims because they arise out of professional and/or medical services (the "Medical Services Exclusion").  At issue is whether the Medical Services Exclusion, which bars coverage for claims "arising out of . . .[t]he providing or failing to provide . . . medical . . . treatment, [or] advi[c]e; or (ii) [a]ny health or therapeutic service treatment, advice or instruction." bars coverage for the Tyndall claims. (Id., at 8).

**Plaintiff's Motion to Compel**

Plaintiff seeks an order compelling Defendants to produce non-privileged and responsive documents to Requests for Production ("RFP") Nos. 5, 6, 7, 8, 9, 12, 13, 14, 15, 16, 17, and 18. These RFPs fall into six overarching categories: (1) reserve and reinsurance information; (2) communications with other insurers regarding the Tyndall claims; (3) information concerning payment of other claims to similarly situated policyholders; (4) advertising and marketing materials relating to the key coverage and policy provisions at issue; (5) drafting history and other documents relating to the application, scope and interpretation of the key coverage and policy provisions at issue; and (6) documents evidencing Defendants' organizational structure.  Defendants object to Plaintiff's requests as irrelevant because they seek extrinsic evidence to interpret the policies, which Defendants allege are unambiguous and speak for themselves. Defendants also assert overbreadth and undue burden in gathering documents over the multi decade time frame covered by the requests.

Plaintiff's motion also challenges Defendants' privilege log, specifically: (1) whether or not communications between Defendants and one of the law firms they employ, Walker Wilcox, are privileged given Plaintiff's claim that the law firm's dominant purpose was to adjust claims for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 23-01921-DDP (AS) | Date | January 31, 2024 |
|---|---|---|---|
| Title | *University of Southern California v. ACE American Insurance Company et al.* | | |

Defendants and (2) whether communications between Defendants and Plaintiff's other insurers are privileged because they fall under a joint defense agreement and/or the common interest doctrine.

**1.  Reserve and Reinsurance Information (RFP Nos. 5 and 6).**

RFP No. 5 seeks all documents, including communications, concerning any reserves established by Defendants relating to Plaintiff's claim for coverage of the underlying Tyndall claims under the Defendants' policies.  Defendants object to the request as overbroad and argue that loss reserves have no bearing on the issue of whether the medical services exclusion bars coverage for the Tyndall claims, and amounts to extrinsic evidence which, under California law, is not admissible to interpret a contract's terms if those terms are not ambiguous. Defendant also contends that reserve information is only relevant in the context of bad faith claims which are not at issue here. The Court does not agree. As Plaintiff points out, reserve information may lead to admissible evidence regarding policy interpretation which is the central issue in this coverage action, and not limited to bad faith claims. The Court took this request under submission to review Defendants' citation to *Skillstaff Inc., v. CVS Caremark Corp.,* 659 F.3d 1005 (9th Cir. 2012), but finds that case - in which the Court denied Plaintiff discovery of extrinsic evidence regarding the interpretation of a settlement agreement clause after finding that the contested provision was not ambiguous and reasonably susceptible to only one interpretation - distinguishable. The Court here is not deciding whether the medical services exclusion is ambiguous. However, the Court agrees with Defendants that *communications about reserves* renders the request overbroad, and therefore limits Plaintiff's request to whether Defendants set aside reserves and the amount of reserves set aside for Plaintiff's claims.

RFP No. 6 seeks production of all documents, including communications, concerning any reinsurance for Plaintiff's claim for coverage of the underlying Tyndall claims under the Defendants' policies, including but not limited to, communications between Defendants and any reinsurer. Defendants object to this request for the same reasons as RFP No. 5 and argue that the request should be limited to the communications that are contained in its claims file for the claims at issue.  The Court agrees.  RFP No. 6 is limited to communications concerning reinsurance (and does not include reinsurance contracts) for the underlying Tyndall claims that are contained within the claims file.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 23-01921-DDP (AS) | Date | January 31, 2024 |
|---|---|---|---|
| Title | *University of Southern California v. ACE American Insurance Company et al.* | | |

### 2. Communications With Other Insurers Regarding the Tyndall Claims (RFP No. 7)

RFP No. 7 seeks the production of all documents, including communications, between Defendants and any other insurer, including reinsurers, regarding Plaintiff's claim for coverage of the underlying Tyndall claims. Defendants object to this request for the same reasons as they did in RFP No. 6, and contend that, with respect to communications with other insurers, these documents are privileged given that they fall under the common interest doctrine. The Court does not find this request materially different from RFP No. 6 and grants the request, limited to communications regarding Plaintiff's claims that are contained within the claims file.

### 3. Information Concerning Payment of Other Claims to Similarly Situated Policyholders (RFP Nos. 8 and 9)

RFP No. 8 seeks the production of all documents, including communications, concerning Defendants' payment of any claim involving sexual abuse and/or molestation under any general liability insurance policy issued by Defendants from September 1, 1988, to present, including but not limited to, the Chubb Policies at issue. RFP No. 9 seeks the same information in instances "in which the policyholder also received payment for the claim under healthcare professional liability insurance or medical malpractice liability insurance." Plaintiff seeks this information to determine whether Defendants – during the time frame 1988 to the date on which this action was filed – issued a general liability policy containing a medical services exclusion and/or endorsement for sexual abuse and molestation in which they paid a claim – similar to the Tyndall claims - involving sexual abuse and/or molestation, in an effort to determine whether Defendants have taken inconsistent positions in denying coverage for the Tyndall claims.

Defendants argue that both requests are overbroad in terms of jurisdiction, time period, and types of policies and that the information required would be burdensome and costly to gather. The Court agrees that the request, as phrased, is overbroad. RFP Nos. 8 and 9 are DENIED without prejudice and the parties are ordered to meet and confer to narrow the requests, particularly limiting the request to claims which were paid, limiting the jurisdiction to the state of California, limiting the general liability insurance policies to those with a Medical Services Exclusion and/or an abuse and molestation claims endorsement,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 23-01921-DDP (AS) | Date | January 31, 2024 |
|---|---|---|---|
| Title | *University of Southern California v. ACE American Insurance Company et al.* | | |

specifying claims involving medical professionals, and allowing for the redaction of the names of policy holders.

**4.** **Advertising and Marketing Materials Relating to the Key Coverage and Policy Provisions at Issue (RFP No. 12)**

In RFP No. 12, Plaintiff requests all documents used, or available for use, by Defendants or any person or entity acting on Defendants' behalf, for advertising, marketing, promoting, soliciting or selling the Chubb Policies or the abuse and molestation endorsements, including, but not limited to, all advertising, sales, marketing and promotional brochures, pamphlets, memoranda, letters, literature and materials, "how-to-sell" instructions, marketing plans and other writings, from 1988 to 2018. Plaintiff contends that this information is relevant to determine whether Defendants made representations regarding the scope of coverage in their policies and endorsements and took inconsistent positions with other similarly situated insureds in denying the Tyndall claims.

Defendants contend the request is overly broad and seeks irrelevant information not proportional to the needs of the case, and further argue that, if Plaintiff did not rely on marketing materials prior to purchasing the Chubb Policies, they are irrelevant. The Court agrees, finding that advertising or marketing materials for all 27 of the Chubb Policies are not relevant or proportional to the needs of the case, but the 3 or 4 policies that contain the abuse and molestation endorsements have relevance to Plaintiff because they could be germane to policy interpretation. RFP No. 12 is granted in part, limited to documents used in advertising, marketing, promoting, soliciting or selling the abuse and molestation endorsement in its general liability policies for the relevant time frame.

**5.** **Drafting History and Other Documents Relating to the application, Scope, and Interpretation of the Key Coverage and Policy Provisions at Issue (RFP Nos. 13-17)**

RFP No. 13 seeks all documents, including communications, that concern drafting of a Medical Services Exclusion from 1988 to 2013, including, but not limited to, any policy forms, endorsements, specimens, manuscripts, samples, proposals or drafts exchanged, referred to, relied on or used in drafting a Medical Services Exclusion. RFP No. 14 seeks all documents that concern the drafting of the Abuse and Molestation Endorsements. RFP No. 15 seeks all documents concerning the application, scope and/or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 23-01921-DDP (AS) | Date | January 31, 2024 |
|-----|----------------------|------|------------------|
| Title | *University of Southern California v. ACE American Insurance Company et al.* | | |

interpretation of (i) a Medical Services Exclusion, (ii) the Abuse and Molestation Endorsements, or (iii) the Bodily Injury and Property Damage Exclusion. RFP No. 16 seeks all documents that concern drafting of the Bodily Injury and Property Damages Exclusion. Defendants contend that all four requests are irrelevant in the absence of evidence that Plaintiff relied on such drafting history, and that, as written, the requests are overbroad and burdensome, particularly because Defendants do not maintain such documents in a central repository.  The Court finds these requests relevant to the issues in this case. As Plaintiff points out, case law supports this request. However, the Court agrees with Defendants that the request, as drafted, is overly broad.  The parties are ordered to meet and confer on RFP Nos. 13-16 to address Defendants' contentions regarding overbreadth and burdensomeness.

RFP No. 17 requests any and all sworn statements (including transcripts of any testimony) by any directors, officers, officials, employees, agents, representative or experts of Chubb or its representatives, concerning the applicability, scope, meaning or interpretation of (i) a Medical Services Exclusion, (ii) the Abuse and Molestation Endorsements, or (iii) the Bodily Injury and Property Damage Exclusion. Defendants contend that because this request is not limited by time period, type of policy, type of case, jurisdiction, legal or factual issue, or limited to the employees involved in handling the Tyndall claims it is overbroad. The Court agrees with Defendants and denies this request.

## 6. Documents Evidencing Defendants' Organizational Structure (RFP No. 18)

RFP No. 18 seeks all documents including, but not limited to, written policies, manuals, charts, or other writings, describing the organizational structure of each Defendant, from 2018 to present. Defendants contend that this request is overly broad as there have been numerous organizational changes that have taken place within Defendants' organization since 2018. Plaintiff  asserts that it is simply seeking a chart delineating who worked in Defendants' claims department during the relevant time period and may have worked on the Tyndall claims, and that it is unable to obtain this information from the heavily redacted claims file produced by Defendant. The Court denies this request as phrased but orders the parties to meet and confer to narrow this request, finding that Plaintiff is entitled to know who worked on, or may have worked on, its claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 23-01921-DDP (AS) | Date | January 31, 2024 |
| --- | --- | --- | --- |
| Title | *University of Southern California v. ACE American Insurance Company et al.* | | |

**7.  Privilege Log Issues**

**a.  Walker Wilcox Communications**

Plaintiff contends that Defendants improperly redacted or withheld 562 pages of their document production pertaining to communications between Defendants and the law firm Walker Wilcox.  Plaintiff contends that these communications cannot be withheld on privileged attorney-client communications because Walker Wilcox's primary purpose was to adjust claims for Defendants rather than legal counsel. Defendants assert that the dominant purpose for the communications was to obtain legal advice on coverage issues, and submitted supporting declarations from Walker Wilcox. The Court finds the declarations persuasive on this issue, particularly that Walker Wilcox had no authority to make any payments to Defendants' policyholders or representations regarding coverage and provided legal advice regarding coverage issues to Defendants' adjusters and decision makers. Plaintiff has not challenged the substance of the declarations.  Accordingly, these communications are protected by the attorney-client privilege. The Court denies Plaintiff's request to review these communications *in camera* because it is only appropriate for a court to conduct an *in camera* review if a court determines the communications are not privileged or an exception applies to the privileged communications. (*See Costco Wholesale Corp. v. Superior Ct.*, 47 Cal. 4th 725, 739 (2009)).

Plaintiff also contends that Defendants improperly claimed that its communications with Walker Wilcox were also protected by the work product doctrine, which requires a showing of a reasonable anticipation of litigation but the communications at issue occurred before the claims were presented. Defendants point out that Plaintiff failed to meet and confer on this issue before raising it at the hearing. The Court orders the parties to meet and confer on the communications to which Defendants only asserted work product.

**b.  Joint Defense and/or Common Interest Communications**

Plaintiff contends that Defendants' improperly withheld the production of communications it had with other insurers regarding the Tyndall claims as subject to a joint defense or  common interest privilege. Defendants argue that these communications pertain to common coverage positions taken by the other insurers with respect to the same claims tendered by Plaintiff and were properly withheld on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 23-01921-DDP (AS) | Date | January 31, 2024 |
|-----|----------------------|------|------------------|
| Title | *University of Southern California v. ACE American Insurance Company et al.* | | |

the basis of attorney client privilege, joint defense or common interest. Plaintiff disputes whether these communications involved common coverage positions, pointing out, for example, that communications with representatives of other insurers, (as opposed to outside counsel for the insurers), who do not have a medical services exclusion or have issued other policies or provisions that are not at issue in this case could not involve a common defense strategy and likely involved routine claims adjustment. Plaintiff also claims that Defendants' failure to produce a joint defense agreement with the insurers suggests that its communications were not subject to common interest. But, as Defendants point out, a joint defense agreement is not required in order to invoke the common interest doctrine. *United States v. Gonzalez,* 669 F.3d 974, 980 (9th Cir. 2012).

At the hearing, Plaintiff referenced privilege log entries 287-288, 338, 343, 400, 411 and 412 as examples of communications which it contends could not be subject to a common interest privilege. The Court has reviewed these entries on Defendants' privilege log and finds that, with the exception of entry 338, the referenced communications were properly withheld on the basis of attorney client privilege, joint defense and common interest. The parties are ordered to meet and confer regarding entry 338 and whether disclosure was properly withheld on the basis of common interest.

**Defendants' Motion to Compel**

Defendants seek an order compelling Plaintiff to produce (1) graphic photos taken by Dr. Tyndall of the claimants in the underlying lawsuits and the identity of the claimants in the photos; (2) documents pertaining to Plaintiff's UE Arbitration and Healthcare Liability Insurance Cases; and (3) settlement agreements Plaintiff has entered into with other insurers with respect to the Tyndall Claims. Plaintiff objects to Defendants' requests as either irrelevant to Defendants' coverage obligations in this action or not presently ripe for adjudication.

**1. Photographs In Dispute**

Defendants' RFP No. 1 seeks all discovery requests and responses and all documents produced by Plaintiff in the state court cases. Part of these requests include photographs Dr. Tyndall took of his patients that were produced in the state court proceedings. These photographs are relevant to a determination of whether the medical services exclusion bars coverage for Plaintiff's claims. Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 23-01921-DDP (AS) | Date | January 31, 2024 |
|-----|----------------------|------|------------------|
| Title | *University of Southern California v. ACE American Insurance Company et al.* | | |

argues that Tyndall's conduct in taking photographs depicting the face and body of his patients is outside the standard of medical care and therefore not barred by the medical services exclusion. Defendants contend that the photographs, which were taken inside the medical center by Dr. Tyndall, clearly arise from the provision of medical services to which the medical services exclusion applies. Plaintiff has agreed to produce the photos which depict the body and face of the patients, but given the photos' graphic and sensitive nature, Plaintiff will only produce the photos after a protective order is in place. Plaintiff also agreed to disclose the names of the patients in these photographs to the extent this information was disclosed in the state court cases and/or is known to Plaintiff. Because the parties have not sufficiently conferred on the terms of a proposed protective order, the Court Orders the parties to meet and confer regarding a protective order, including restrictions on the disclosure of the photographs to other parties.

### 2. UE Arbitration and Healthcare Professional Liability Insurance Cases Documents

In RFP No. 1, Defendants seek all discovery requests and responses and all documents produced by Plaintiff in the UE Arbitration and Healthcare Professional Liability Insurance Cases.

#### a. UE Arbitration

Defendants requested all documents pertaining to the UE Arbitration. Plaintiff claims that it has produced all documents and confirmed, in its supplemental discovery responses, that it was not withholding any documents. At the hearing, Defendants requested expert reports from the UE Arbitration; however, this request was not included in the parties' joint stipulation and is not properly before the Court. The Court finds the request for documents from the UE Arbitration moot. The parties are ordered to meet and confer regarding Defendant's request for the production of expert reports.

#### b. Healthcare Professional Liability Insurance Cases

Defendants contend that they have not received documents from the Healthcare Professional Liability Insurance Cases, including expert reports from those cases. Plaintiff seeks additional time to review the documents, which are sizeable in number, and produce responsive documents. The Court ordered Plaintiff to produce responsive documents to this request within six weeks and orders the parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 23-01921-DDP (AS) | Date | January 31, 2024 |
|---|---|---|---|
| Title | *University of Southern California v. ACE American Insurance Company et al.* | | |

to meet and confer about the documents in the healthcare liability cases that Plaintiff has determined not relevant to the coverage issues in this case.

### 3. Insurance Recoveries and Settlement Agreements

Defendants' RFP No. 9 seeks records of Plaintiff's insurance recoveries and the identity of the insurers in connection with the Tyndall claims. RFP No. 10 seeks production of the settlement agreements that Plaintiff reached with other insurers concerning the Tyndall claims. Plaintiff contends that settlement agreements with other insurers regarding the Tyndall claims have no impact on whether Defendants' coverage is triggered, as Plaintiff has produced records of the payments it has made to settle the Tyndall claims are more than sufficient to trigger coverage. Plaintiff also resists the production of a settlement agreement it reached with AIG regarding a Directors and Officer's ("D&O")/EPL liability policy issued for the 2017-2018 year, because its settlement was preceded by a letter from AIG acknowledging the potential for coverage. Because Plaintiff has produced the acknowledgment letter, it argues that the settlement agreement it subsequently reached with AIG is not relevant to any of the issues in this case. Plaintiff also asserts confidentiality concerns regarding production of the settlement agreements. Finally, Plaintiff argues that since Defendants are contesting whether they have a duty to defend and indemnify, the settlement agreements are not relevant unless and until Defendants agree to indemnify and a duty to defend.

Defendants claim that the settlement agreements are not only necessary to defend against Plaintiff's arguments, but also necessary to determine whether Defendants' policies have been triggered and to address Plaintiff's allocation methodology. In particular, Defendants point out that they cannot determine if coverage is triggered unless they know what was paid, for what claimants, for each policy year, particularly since their excess coverage limits are higher for some policy years. Defendants also argue that they are entitled to discovery of the settlement agreement between Plaintiff and AIG to determine, not only whether their excess policy has been triggered but also whether AIG acknowledged coverage as a condition of settlement, and point out that the acknowledgment letter produced by Plaintiff only referenced the potential for coverage. Defendants seek the settlement agreement to determine what was paid and for which claimants. The Court finds that Defendants are entitled to the settlement agreements Plaintiff has reached with insurers that implicate Defendants' tower of coverage for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 23-01921-DDP (AS) | Date | January 31, 2024 |
|-----|----------------------|------|------------------|
| Title | *University of Southern California v. ACE American Insurance Company et al.* | | |

relevant time period and Plaintiff is ordered to produce these agreements, including its settlement agreement with AIG.  The parties must meet and confer regarding the production of settlement agreements with insurers that Plaintiff contends do not implicate Defendants' tower of coverage. The parties are ordered to meet and confer regarding whether Plaintiff's concerns regarding confidentiality can be addressed by a protective order.

**Conclusion**

Plaintiff's motion to compel is GRANTED in part as to Plaintiff's RFP Nos. 5, 6 and 7;   DENIED in part as to RFP Nos. 8, 9. 13-16 and 18; and DENIED as to RFP No. 17.  Plaintiff's motion to compel production of documents withheld by Defendants as attorney client communications with Walker Wilcox is DENIED. The parties are ordered to meet and confer regarding Defendants' assertion of communications with Walker Wilcox  based on work product protection.  Plaintiff's motion to compel production of documents withheld by Defendants as subject to a joint defense agreement or common interest is DENIED in part. The parties are ordered to meet and confer regarding entry no. 338.

Defendants' motion to compel is GRANTED as to RFP No. 1 as follows: the request for photographs is subject to the entry of a protective order; the parties are ordered to meet and confer regarding the request for expert reports produced in the UE Arbitration; and Plaintiff is ordered to produce responsive records in the Healthcare Liability Cases and the parties are ordered to meet and confer meet regarding the records Plaintiff contends are not responsive. Defendants' motion to compel is GRANTED in part as to RFP Nos. 9-10.

The parties are directed to meet and confer regarding a time frame for production.

The parties **must** utilize the Court's informal discovery dispute resolution process to raise any further issues regarding Plaintiff's or Defendants' compliance with this Order.  The parties may also utilize the informal discovery dispute resolution procedure to raise any other discovery disputes. (See Judge Sagar's Procedures).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 23-01921-DDP (AS) | Date | January 31, 2024 |
|-----|----------------------|------|------------------|
| Title | *University of Southern California v. ACE American Insurance Company et al.* | | |

Initials of Preparer    2    :   19
                         AF