# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSITY OF SOUTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>ACE AMERICAN INSURANCE COMPANY et al.,<br><br>Defendants. | Case No. 2:23-cv-01921-DDP (ASx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER RE: PHOTOS |
| ACE AMERICAN INSURANCE COMPANY et al.,<br><br>Counterclaimants,<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA,<br><br>Counterdefendant. | |

1       **IT IS HEREBY STIPULATED** by and between Plaintiff and
2 Counterclaimant University of Southern California ("USC") and Defendants and
3 Counterclaimants Ace American Insurance Company, Federal Insurance Company,
4 Pacific Employers Insurance Company, Pacific Indemnity Company and
5 Westchester Fire Insurance Company (collectively, "Chubb") (together, the
6 "Parties" and each a "Party"), by and through their respective counsel of record,
7 that the Parties shall be bound by this Stipulated Protective Order Re: Photos (the
8 "Protective Order Re: Photos"). In order to facilitate the exchange of information
9 and documents which may be subject to confidentiality limitations on disclosure
10 due to federal law, state laws, and privacy rights, the Parties stipulate as follows:

11       1.      The Parties acknowledge that discovery in this Action may involve the
12 examination and production of individually identifiable health information. The
13 parties have mutually agreed that a protective order is appropriate and mutually
14 agree to remain in full compliance with any privacy requirements imposed by
15 regulations promulgated under the Health Insurance Portability and Accountability
16 Act of 1996 ("HIPAA") (45 C.F.R. Part 164) and California Code of Civil
17 Procedure §§ 56 *et seq.* ("Confidentiality of Medical Information Act"). To limit
18 disclosure and prevent use of individually identifiable health information for
19 purposes other than the prosecution and defense of this action, the Parties shall be
20 bound by the terms of this Protective Order Re: Photos governing the disclosure
21 and retention of confidential information.

22       2.      In addition to the terms and conditions of this Order, all persons and/or
23 entities hereto (including parties to this Action as well as any executing Exhibit A
24 hereto) receiving identifiable health information shall fully comply with the
25 provisions of HIPPA as amended, including the Standards for Privacy of
26 Individually Identifiable Health Information located at Title 45, Code of Federal
27 Regulations Part 160 and Subparts A and E of Part 16, and California's
28 Confidentiality of Medical Information Act located at California Civil Code

Sections 56 et seq.

      3.     "PHOTOS" as used in this Protective Order Re: Photos includes all pictures, photographs, slides, photocopies of photographs and/or slides, Polaroids, computer generated photos, film strips, and JPEG images (and copies thereof) and all other documents responsive to Request for Production No. 15 in Plaintiffs' Requests for Production of Documents to Defendant, University of Southern California, dated January 31, 2020, subject to USC's Amended Objections and Responses to Plaintiffs' First Set of RFPs, dated April 3, 2020,[1] in the action entitled *Jane Doe 5 et al. v. Dr. George Tyndall et al.*, Los Angeles Superior Court Lead Case No. BC705677, that were produced by USC in this action in response to Defendants' Requests for Production of Documents to Plaintiff (Set One), Request for Production No. 1, dated May 9, 2023, subject to USC's Objections and Responses to Defendants' Requests for Production, Set One, dated June 8, 2023.[2]

          a. Unless required by law, PHOTOS may be viewed only by the Court, counsel for the undersigned parties, counsel's employees and experts; and only for the purpose of litigating or adjudicating this action; and only if that person (except for the Court) has first signed the Certification Re Confidential Discovery Materials; Photos (the "Certification") attached hereto as Exhibit A representing that he or she has received a copy of this Protective Order, that he or she has read it, that he or she agrees to obey it, that her or she submits to the Court's jurisdiction with respect to it and that he or she will be subject to the Court's contempt powers for any violation of it.

---

[1] <u>RFP No. 15</u>: All photographs of patients taken by Tyndall, including but not limited to, the photographs Cindy Gilbert testified were taken by Dr. Wenger from TYNDALL's office.

[2] <u>RFP No. 1</u>: All discovery requests and responses and all documents produced by you in the State Court Cases, the Federal Court Cases, the Healthcare Professional Liability Insurance Cases and the UE Arbitration.

- 3 -

    b. No PHOTOS, or the substance of any portion thereof, shall be divulged by any person subject to this Protective Order Re: Photos to any other person not specifically identified in paragraph 3(a), except that each Parties' counsel may share the substance of the PHOTOS (but not the PHOTOS themselves) with the Party's employees responsible for supervising the above-captioned matter, provided that they sign the Certification attached hereto as Exhibit A.

    c. The envelope containing the above described PHOTOS, which will be available only to those described in paragraph 3(a) shall be marked with the following legend:

THE ITEMS CONTAINED IN THIS ENVELOPE AND THE CONTENTS THEREOF, ARE SUBJECT TO THE PROTECTIVE ORDER RE: PHOTOS ENTERED IN <u>UNIVERSITY OF SOUTHERN CALIFORNIA v. ACE AMERICAN INSURANCE COMPANY, et al</u>. THESE ITEMS AND THE CONTENTS THEREOF MAY NOT BE EXAMINED, INSPECTED, READ, OR COPIED BY ANY PERSON, OR DISCLOSED TO ANY PERSON, EXCEPT AS PROVIDED IN THE PROTECTIVE ORDER RE: PHOTOS.

    d. Unless otherwise provided by order of this Court, no copies of the PHOTOS, whether by photocopier, digital scanning, or any other method, shall be made without prior court order.

    e. The PHOTOS shall not be given, loaned, sold, or shown to any person except as provided by this Protective Order Re: Photos or by subsequent order of this Court.

    f. The PHOTOS may be filed with the Court so long as they are filed under seal in an envelope with the legend above, and only after the Party seeking to file the PHOTOS first asks the Court to review the PHOTOS in camera without filing or lodging, and the Court

requests that the PHOTOS be filed under seal.

    g. The Parties may only share the PHOTOS with fact witnesses during deposition or at trial, provided that the fact witness first sign the Certification attached hereto as Exhibit A and the portion of the transcript and the exhibit shall have the same level of confidentiality as the PHOTOS themselves.

4. "CLAIMANT IDENTITY DOCUMENTS" as used in this Protective Order Re: Photos include any and all document that reference, identify or otherwise reveal the identity of any person depicted, discussed, referenced or named in the PHOTOS. CLAIMANT IDENTITY DOCUMENTS are subject to the same terms, conditions and processes as set forth in paragraph 3(a)-(g) above.

5. The Parties hereto expressly reserve the right to seek any appropriate order modifying this Protective Order Re: Photos and/or imposing additional restrictions on discovery in this action, including an order that certain production not be had. Nothing herein shall be read to waive any privilege or exemption from production that any Party may assert independent of this Protective Order Re: Photos.

6. This Protective Order Re: Photos is entered into, and applies, in addition to the Protective Order filed in this action (ECF No. 44) and is not intended to replace, supersede, alter, modify or otherwise affect the Parties' obligations to comply with the Protective Order, except as to production of PHOTOS.

7. Neither the taking of any action in accordance with the provision of this Protective Order Re: Photos nor the failure to object to such action shall be construed as a waiver of any claim or defense in this action.

8. A Party's compliance with the terms of this Protective Order Re: Photos shall not operate as an admission that any particular information, testimony, documents, or other materials are or are not (a) confidential, (b) privileged, or (c)

admissible in evidence.

9. Unless otherwise agreed to in writing by counsel for the Parties, within sixty (60) days following the later of (i) the date of final judgment in this action, or (ii) termination of this action, including any appeal, Chubb shall return the PHOTOS to USC via hand delivery.

10. This Protective Order Re: Photos may be modified or amended by order of this Court for good cause shown or by agreement of the Parties.

11. This Protective Order Re: Photos shall continue to be binding on the Parties and any person or entity subject to this Protective Order Re: Photos throughout and after the conclusion of this action, until modified, suspended, or terminated by written agreement of the Parties. During the pendency of this action, the Court shall have the authority to enforce the obligations undertaken by the Parties in this Protective Order Re: Photos, to remedy any breach of this Protective Order Re: Photos, and/or to grant any relief needed to secure compliance with this Protective Order Re: Photos. Following the pendency of this action, the Parties consent and submit to the jurisdiction of this Court for purposes of enforcement of or resolution of any disputes that may arise in connection with the terms of or compliance with this Protective Order Re: Photos.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: 2/15/24

_____
Attorneys for Plaintiff

Dated: February 15, 2024

_____
Attorneys for Defendants

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: February 16, 2024

_____/ s / Sagar_____
HONORABLE ALKA SAGAR
United States Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I certify that I have received, read, and understand the Protective Order Re: Photos to which this from of Confidentiality Undertaking is Exhibit A.  I recognize that I am bound by the terms of the Protective Order Re: Photos, and I hereby agree to comply with those terms, and to receive and disclose materials encompassed by the Protective Order Re: Photos only in accordance with the terms of the Protective Order Re: Photos.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.  Executed this ____ day of _____, 20__, at _____.

DATED: _____   BY: _____
                                Signature

_____
Title

_____
Address

_____
City, State, Zip

_____
Telephone Number